# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| THOMAS JOHNSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CV413-176 |
| DENNIS B. LEE, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

On May 1, 2008, Thomas Johnson was convicted in the Chatham County Superior Court of child molestation, statutory rape, and making a false statement to a police officer. (Doc. 1 at 1.) He was sentenced to 20 years' imprisonment. He filed a 28 U.S.C. § 2254 petition challenging his conviction in the United States District Court for the Middle District of Georgia. (Doc. 1.) That court transferred the petiton here. (Doc. 4.) Upon review, it is subject to dismissal as both untimely and unexhausted.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C.

§ 2244(d)(1). The limitations period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies *certiorari*, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 555 U.S. at 120.

The one-year limitations period is tolled, however, when a state prisoner properly files an application for state collateral review. 28 U.S.C. § 2244(d)(2); *see Ford v. Moore*, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Although the filing of a state habeas action tolls the one-year limitations period, it does not reset it. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the days between

the date upon which the conviction became final and the beginning of state habeas review are counted toward the limitations period.

Johnson was convicted on May 1, 2008. (Doc. 1 at 1.) The Georgia Court of Appeals affirmed his conviction on September 10, 2010. (*Id.* at 2.) He never sought a writ of certiorari from with the United States Supreme Court, but he had 90 days in which to do so. *Bond*, 309 F.3d at 774 (citing Sup. Ct. R. 13.1). Hence, his clock had not yet started to tick when he filed a state habeas petition on November 1, 2010. (*Id.* at 3.) That petition was denied on February 2, 2012. (*Id.*) Johnson did not appeal the state habeas court's denial of his petition. (*Id.*) He had 30 days to do so. O.C.G.A. § 9-14-52. Hence, the clock started ticking on March 5, 2012, 30 days after the missed deadline.[1] He had one year from that date to seek federal habeas relief but did not file his petition until July 15, 2013, over four months after the one-year limitations period expired. Hence, his petition is untimely under § 2254(d).

It is also unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it

---

[1] Technically, he had until March 3, 2012, but that was a Saturday. Accordingly, he had until the following Monday to appeal.

appears that the applicant has exhausted the remedies available in the courts of the State." *See OSullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.). An applicant for federal habeas relief has not exhausted his state remedies if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Here, there is no question that Johnson has failed to exhaust his remedies. *See Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (in order to fully exhaust state remedies, a § 2254 petitioner in Georgia must petition the Supreme Court of Georgia for a certificate of probable cause to appeal the denial of his state habeas petition). But even if he returned to state court to exhaust, and that court reached his claims, he would still be too late to seek relief here because, as noted above, the clock cannot be restarted once it runs out.

Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time-barred or unexhausted. *See Jackson v. Secy for Dept. of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (permitting *sua sponte* Rule 4 dismissal for time-barred petitions). As the instant petition is both

untimely and unexhausted, it should be **DENIED**.

Finally, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 22nd day of July, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA